IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

KENDRA PARKER,
individually and on behalf of all
others similarly situated

                               PLAINTIFF

VS.                CASE NO. 4:11-CV-00439-BSM

PHH MORTGAGE CORPORATION

                               DEFENDANT

**KENDRA PARKER'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER GRANTING IN PART AND DENYING IN PART PHH MORTGAGE CORPORATION'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(6) WITH INCORPORATED BRIEF IN SUPPORT**

Kendra Parker respectfully requests that the Court reconsider its Order Granting in Part and Denying in Part PHH Mortgage Corporation's ("PHH") Motion to Dismiss Plaintiff's First Amended Complaint [Doc. No. 52].

Defendant's Response to Plaintiff's Notice of Supplemental Authority argued that Kendra Parker has no private cause of action for Defendant's violations of Regulation Z. [Doc. No. 46.] This is false. The plain language of TILA and more than 30 years of U.S. Supreme Court and Eighth Circuit precedent are clear that TILA provides a private right of action for violations of Regulation Z. The authority against Defendant's argument is so extensive that Plaintiff declined to file a reply to PHH's Response to Plaintiff's Notice of Supplemental Authority. This was a mistake on Plaintiff's part that she seeks to remedy with this Motion for Reconsideration. Plaintiff is mindful that often times the Court is presented with motions for reconsideration that are without merit. This is not one of those instances. The U.S. Supreme Court, the Eighth Circuit Court of Appeals, and courts in this and numerous other districts have routinely acknowledged a private right of action under TILA for Regulation Z violations.

1

The Court's January 3, 2012 Order dismisses Plaintiff's TILA cause of action because (1) 15 U.S.C. § 1639f is not yet effective, and (2) 12 C.F.R. § 226.36(c) does not provide a private cause of action. [Doc. No. 52, pp. 8-9.] Plaintiff does not contest the Court's order regarding 15 U.S.C. § 1639f. However, the law is clear that TILA, 15 U.S.C. § 1640, creates a private cause of action for violations of Regulation Z, including 12 C.F.R. § 226.36(c).

I.  **TILA CREATES A PRIVATE RIGHT OF ACTION FOR VIOLATIONS OF REGULATION Z**

Under TILA, a plaintiff is entitled to damages for violations of Regulation Z. In 15 U.S.C. § 1602, entitled "Definitions and Rules of Construction" TILA states "[a]ny reference to any requirement imposed under this title or any provision thereof includes reference to the regulations of the board under this title or the provision thereof in question." 15 U.S.C. §1602(z). Thus, when 15 U.S.C. § 1640 provides a private cause of action when "any creditor…fails to comply with any requirement imposed under this chapter…" the words "any requirement imposed under this chapter" refer to violations of the statute as well as violations of the regulations promulgated by the Board of Governors of the Federal Reserve.

The United States Supreme Court's decision in *Mourning v. Family Publ'ns Serv., Inc.*, 411 U.S. 356 (1973) is directly on point. *Mourning* dealt with 15 U.S.C. § 1640(a)(2), which makes a lender liable for civil penalties for failure to disclose finance charges. *Id.* at 361. The Board of Governors of the Federal Reserve promulgated provisions of Regulation Z to define when and how a lender must make TILA's finance charge disclosures. *Id.* at 362. The district court granted summary judgment in favor of the plaintiff, holding that the defendant violated the Board's requirements in Regulation Z and finding the defendant liable for civil penalties under 15 U.S.C. § 1640(a)(2). *Id.* at 362. The Supreme Court agreed with the District Court, holding not only that the defendant violated Regulation Z, but that the plaintiff was entitled to civil

2

penalties under TILA, 15 U.S.C. § 1640, for the defendant's violations of Regulation Z. *Id.* at 376 ("we cannot conclude that Congress intended those who failed to comply with regulations to be subject to no penalty or to criminal penalties alone.").

The Eighth Circuit and courts in this district have held the same. In *Dryden v. Lou Budke's Arrow Fin. Co.*, 630 F.2d 641 (8th Cir. Mo. 1980)(*Dryden I*), the United States Court of Appeals for the Eighth Circuit considered the district court's order granting summary judgment to an auto-lender on the plaintiff's claims for "defendant's alleged failure to comply with the disclosure provisions of the TILA and Federal Reserve Board Regulation Z, 12 C.F.R. Part 226." The Eighth Circuit reversed, holding that "[i]f Dryden proved that the disclosure provisions of the Act *and Regulation Z* were violated in connection with the…transaction, [defendant] is liable for statutory damages" and directing the district court to make "findings on the alleged violations of the TILA *and Regulation Z* and entry of judgment accordingly." *Id.* at 647 (emphasis added). On remand the district court found that the defendant did not violate TILA or Regulation Z and again granted summary judgment in favor of the defendant; however, the Eighth Circuit again reversed the district court, this time finding that the defendant violated Regulation Z by failing to provide written disclosures required by 12 C.F.R. § 226.8(k). *Dryden v. Lou Budke's Arrow Fin. Co.*, 661 F.2d 1186, 1190 (8th Cir. Mo. 1981)(*Dryden II*). In *Dryden II*, the Eighth Circuit explicitly sustained the plaintiff's TILA claims based solely on the defendant's violations of Regulation Z and held that defendant's "failure to provide [plaintiff] with written disclosure documents" as required by 12 C.F.R. § 226.8(k) "establishes liability under the Act…." *Id.* (noting that "the appellee failed to state in writing the disclosures required by paragraph (i) of [12 C.F.R.] § 226.807…by paragraph (iii) [of 12 C.F.R. § 226.807]…by paragraph (iv) [of 12 C.F.R. § 226.807]…and by paragraph (vi) [of 12 C.F.R. § 226.807]….").

In 2010, the Honorable Leon Holmes considered a TILA action against Bank of America brought under Regulation Z at 12 C.F.R. § 226.5b. *Peace v. Bank of Am., N.A.*, 2010 U.S. Dist. LEXIS 25277 (E.D. Ark. Mar. 17, 2010). There, Judge Holmes ruled in favor of the plaintiff on defendant's motion to dismiss stating "viewing the allegations of the complaint in the light most favorable to the plaintiff, the Court finds that the complaint alleges a valid cause of action pursuant to the Truth in Lending Act." *Id.* Peace's "valid cause of action" as described by Judge Holmes was a TILA claim for violations of Regulation Z. *Id.* at *6-9 (citing Regulation Z sections 12 C.F.R. §§ 226.5b(b), 226.5b(f)(3), 226.9(c), 226.6(a)(3)(ii) and 226.5b(d)(5)(ii) and noting that each provided grounds for liability under TILA). There are no substantive differences between *Peace* and the case at bar. Kendra Parker, just as the plaintiff in *Peace*, alleges a TILA claim for violations of Regulation Z. [Doc. No. 42, ¶ 6 ("15 U.S.C. § 1640 creates a civil cause of action for any person injured by violations of the Act or its implementing regulations.").] Her claim must be allowed to proceed to trial.

Other districts have reached the same conclusion. Since TILA's passage, literally thousands of TILA claims have been brought based solely on violations of Regulation Z, and virtually no court has ever dismissed a TILA claim because it was based only on a violation of Regulation Z. *See*, *e.g.*, *Georgescu v. Wells Fargo Home Mortg.*, 2011 U.S. Dist. LEXIS 31741, *7 (D. Nev. Mar. 23, 2011)("TILA provides homeowners with certain private rights of action based on violations of federal regulations, including HOEPA and Regulation Z."), *Purcell v. Universal Bank, N.A.*, 2003 U.S. Dist. LEXIS 7061, *9 n.2 (E.D. Pa. Apr. 28, 2003)("Defendants, without citing any authority, maintain that there is no separate private right of action under Regulation Z. [Plaintiff] responds that where there is a statutory "private attorney general" scheme of enforcement for the Truth in Lending Act, 15 U.S.C. § 1601 et seq.,

regulations concerning the conduct of creditors would confer a similar right of action. [Citation omitted]. We agree with Plaintiff's position."). *Wulf v. Bank of America, N.A.*, 2011 WL 2550628, *10 (E.D. Pa. Jun. 27, 2011)(denying defendant's motion to dismiss TILA claims based on defendant's violations of 12 C.F.R. § 226.4), *Hofstetter v. Chase Home Fin., LLC*, 751 F. Supp. 2d 1116, *13 (N.D. Cal. 2010)(refusing to dismiss plaintiff's TILA claims based on 12 C.F.R. §§ 226.5 and 226.9), *Burkett v. Bank of America*, 2011 U.S. Dist. LEXIS 112719, *11-12 (S.D. Miss. 2011)(refusing to dismiss plaintiff's claims based on violations of 12 C.F.R. § 226.36).

Defendant cites two cases that appear, at first glance, to contradict the mountain of authority represented by the citations above. On closer reading, neither decision stands for the proposition that TILA does not create a private cause of action for violations of Regulation Z. In *Smith v. Jenkins*, the plaintiffs brought two separate claims for violations of TILA and violations of Regulation Z. *Smith v. Jenkins* 626 F. Supp. 2d 155, 167-168 (D. Mass. 2009). The District of Massachusetts dismissed the claim for violations of Regulation Z, apparently to encourage the plaintiff to properly plead the Regulation Z claim as a TILA claim, instead of as an independent cause of action. *Id.* at 168 ("[A] failure to comply with the disclosure requirements of Regulation Z may constitute a violation of TILA…."). The Court preserved the plaintiffs' claims for money damages under TILA, 15 U.S.C. § 1601, *et seq.*

Defendant also erroneously cites to *Brett v. Woodley*, 2007 U.S. Dist. LEXIS 42063, *9 n.1 (D. Del. June 8, 2007). In *Brett* the court dealt with poorly pled shotgun allegations by a *pro se* plaintiff that clearly needed to be dismissed. *Id.* The court dismissed the plaintiff's claims as untimely then, in a footnote, addressed the plaintiff's Regulation Z claims. *Id.* The correct reading of *Brett* is that the Court refused to allow the plaintiff to state a cause of action under

5

Regulation Z when the statute of limitations had run on the underlying TILA claim. Additionally, the *Brett* court gave decisive weight to the fact that the *pro se* plaintiff entirely failed to answer the defendant's argument that Regulation Z provided no cause of action. *Id.* (Stating that "the statutory basis for the regulation [must] indicate[] that Congress intended the regulation in question to create a private cause of action" and dismissing the plaintiff's TILA claim for violations of Regulation Z "[s]ince Brett has made no such showing of Congressional intent here…."). In light of the clear language of 15 U.S.C. § 1602(z) making violations of Regulation Z violations of TILA and more than 30 years of Supreme Court and Eighth Circuit precedent guaranteeing a private cause of action under TILA for violations of Regulation Z, the court's decision in *Brett* is in error.

## II. DEFENDANT'S PROPOSED CONSTRUCTION OF TILA IS INCORRECT

Defendant's Response to Plaintiff's Notice of Supplemental Authority invited the Court to an erroneous statutory construction of TILA that has never been applied to a TILA claim for violations of Regulation Z. Defendant argues that because a recent statute was passed (15 U.S.C. § 1639f) that says the same thing a regulation says (see 12 C.F.R. § 226.36(c)) that the regulation must not have provided a private cause of action. This argument bears no relationship to long established rules of statutory construction. It is not uncommon for Congress to codify a regulation, or even case law, that Congress approves. Such codification does not negate the effect of the regulation.

Respectfully, the Court should have declined Defendant's invitation to misconstrue TILA. It is axiomatic that where the terms of the statute are clear on its face, the courts should not seek to infer a different meaning into the statute from Congress's ambiguous actions. *United States v. Albertini*, 472 U.S. 675, 680 (1985)("Courts…generally must follow the plain and

unambiguous meaning of statutory language."), *Park 'n Fly v. Dollar Park and Fly, Inc.*, 469 U.S. 189, 194 (1985)("construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose."). 15 U.S.C. § 1602(z) is unambiguous. It clearly mandates that courts construe violations of Regulation Z as violations of TILA. The Supreme Court, the Eighth Circuit, the Eastern District of Arkansas, and virtually every district court in the United States to address the issue since Congress enacted TILA have held that a defendant is liable to a plaintiff under 15 U.S.C. § 1640 for violations of Regulation Z. Defendant's proposed statutory construction flies in the face of TILA's plain language and over 30 years of controlling precedent interpreting TILA. Respectfully, Plaintiff requests that the Court follow the plain language of TILA and the binding or persuasive precedent of virtually every federal court in the country, and allow Kendra Parker's TILA claims for violations of 12 C.F.R. § 226.36(c) to proceed to trial.

Defendant cannot find a single case supporting the proposition that a statute codifying a preexisting regulation is superfluous. There is none. Each case defendant cites is inapposite. Each case deals with situations where one party to a case asked a court to construe one section of a statute in such a way that it encompassed some other section of the same statute, not, as here, where Congress codified a preexisting regulation. *U.S. v. Boesen*, 541 F.3d 838, 847 (8th Cir. 2008)("This court construes statutes to avoid rendering *sections* of statutes superfluous" (emphasis added), misleadingly redacted in Defendant's brief to state "construes statutes to avoid rendering…statutes superfluous."), *United States ex rel. Harlan v. Bacon*, 21 F.3d 209, 212 (8th Cir. Iowa 1994)(reviewing three clauses in a single statute, 25 U.S.C.S. § 81, and finding that an expansive interpretation of one clause would render the other two clauses superfluous), *State of Missouri v. Andrews*, 787 F.2d 270, 284 (8th Cir. Neb. 1986)(reviewing two sections of the

Flood Control Act and defining one narrowly to avoid it subsuming the second section).

Finally, Defendant's Response to Plaintiff's Notice of Supplemental Authority claims that "the facts alleged by plaintiff do not fit within the requirements of the regulation" because "Plaintiff did not send the payment at issue to PHH…" [Doc. No. 46, p. 2]. This is incorrect because the regulation contains no such requirement; it focuses on the servicer's receipt of the payment, not the borrower's sending of the payment. 12 C.F.R. § 226.36(c) states "no servicer shall—(i) Fail to credit a payment to the consumer's loan account as of the date of receipt, except when a delay in crediting does not result in any charge to the consumer or in the reporting of negative information to a consumer reporting agency, or except as provided in paragraph (c)(2) of this section." The elements for a TILA cause of action for violation of this regulation are, therefore, (1) the servicer received the payment, (2) the servicer failed to credit the payment, (3) as of the date of receipt, and (4) the plaintiff suffered damages in the form of any charge to the plaintiff or the reporting of negative information about the plaintiff to a consumer reporting agency. Kendra Parker's Amended Complaint alleges sufficient facts to meet each of these elements, outlined as follows:

(a) "PHH received Ms. Parker's check on September 9, 2010. [Doc. No. 19, ¶ 24.];
(b) "PHH never applied the August Payment to Kendra Parker's mortgage account." *Id.* at ¶ 25;
(c) "PHH began to impose one or more late fees on Kendra Parker's account in October, 2010." *Id.* at ¶ 31;
(d) "PHH charged Kendra Parker a "returned funds fee" of $11.25 to return the November Payment." *Id.* at ¶ 41;
(e) "On December 30, 2010, Kendra Parker sent a check to PHH in the amount of $1,200, which included payment for the fraudulent late fees appended to her account…" *Id.* at ¶ 42;
(f) "PHH filed negative reports about Kendra Parker with each of the three credit reporting bureaus reflecting a past due balance dating to August of 2010." *Id.* at ¶ 48; and
(g) Kendra Parker suffered adverse credit effects as a result of PHH's negative credit reporting. *Id.* at ¶¶ 53-54.

Kendra Parker has pled each of the elements necessary to bring a claim under TILA for violations of 12 C.F.R. § 226.36(c).

The law is clear that TILA provides a private right of action for violations of Regulation Z. To hold otherwise would clearly frustrate Congress's intention in mandating that courts construe violations of Regulation Z as violations of TILA and run counter to controlling precedent from the U.S. Supreme Court and Eighth Circuit. Accordingly, the Court should grant Plaintiff's Motion for Reconsideration and find that Plaintiff has adequately pled a cause of action under TILA, 15 U.S.C. § 1601, *et seq.*, for PHH's violations of 12 C.F.R. § 226.36.

Additionally, Plaintiff respectfully requests to be allowed to include her TILA claim for PHH's violations of 12 C.F.R. § 226.36 in her second amended complaint, which the Court directed Plaintiff to file by January 23, 2012, and further requests by separate motion that the time to file her amended complaint be extended to five (5) days after the Court's ruling on this Motion.

WHEREFORE, Plaintiff respectfully requests that this Court reconsider its order granting in part Defendant's Motion to Dismiss Plaintiff's First Amended Complaint, deny Defendant's motion to dismiss Plaintiff's claim for violations of 15 U.S.C. § 1601, *et seq.*, deny Defendant's motion to dismiss Plaintiff's claims for equitable remedies arising out of Defendant's violations of 15 U.S.C. § 1601, *et seq.*, and grant all other relief to which she may be entitled.

**Dated: January 9, 2012**                        Respectfully Submitted,

**Attorneys for Plaintiffs**

By:/s/ Alexander P. Owings
Alexander P. Owings, 2011036
Steven A. Owings, 89035
OWINGS LAW FIRM
1400 Brookwood Drive
Little Rock, AR 72202

(501) 661-9999
(501) 661-8393 facsimile
sowings@owingslawfirm.com
apowings@owingslawfirm.com

Jack Wagoner, 89096
WAGONER LAW FIRM, P.A.
1320 Brookwood, Suite E
Little Rock, AR 72202
(501) 663-5225
(501) 660-4030 (facsimile)
jack@wagonerlawfirm.com

Brent Walker, 2002152
CARTER WALKER PLLC
2171 West Main, Suite 200
P.O. Box 628
Cabot, AR 72023
(501) 605-1346
(501) 605-1348 (facsimile)
bwalker@carterwalkerlaw.com

## CERTIFICATE OF SERVICE

I, Alexander P. Owings, hereby certify that I have this day electronically filed the foregoing Motion for Reconsideration of the Court's Order Granting in Part and Denying in Part PHH Mortgage Corporation's Motion to Dismiss Pursuant to Rule 12(b)(6) with Incorporated Brief in Support using the CM/ECF system which automatically sent email notification of such filing to the following attorneys of record, each of whom is a registered participant in the Court's electronic notice and filing system:

Geoffrey B. Treece
gtreece@qgtb.com

Joseph R. Falasco
jfalasco@qgtb.com

Brandon B. Cate
bcate@qgtb.com
*Attorneys for Defendant*

This 9th day of January, 2012                    By:/s/ Alexander P. Owings_____

11

                    Alexander P. Owings, 2011036
                    OWINGS LAW FIRM
                    1400 Brookwood Drive
                    Little Rock, AR 72202
                    (501) 661-9999
                    (501) 661-8393 facsimile
                    sowings@owingslawfirm.com