# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

**KENDRA PARKER, Individually and on**                                    **PLAINTIFF**
**behalf of all others similarly situated**

**v.**                           **CASE NO. 4:11CV00439 BSM**

**PHH MORTGAGE CORPORATION**                                    **DEFENDANT**

## ORDER

Defendant PHH Mortgage Corporation's motion for summary judgment [Doc. No. 109] is denied in part and granted in part on Kendra Parker's breach of contract claim and denied on her conversion claim.

## I. FACTUAL BACKGROUND

Viewing the record in the light most favorable to plaintiff Kendra Parker, the non-moving party, the facts are as follows. On June 30, 2010, Kendra closed on a mortgage with Metropolitan National Bank for her home. Todd Parker, her husband, signed Kendra's deed of trust but was not a signatory on the loan. The mortgage payment was to be due on the first of each month, starting on August 1, 2010. In late July and early August 2010, Todd inquired about Kendra's first mortgage payment with Metropolitan employees and was told that Metropolitan intended to sell the mortgage but did not yet know to whom. On August 19, 2010, the loan was purchased by PHH.

In a letter from PHH dated August 27, 2010, Kendra received notice of the transfer. Though the letter provided an address for PHH, it specifically directed Kendra not to send her payments to that address. On September 7, 2010, Todd drafted a check on his personal

account and sent a mortgage payment for August to Metropolitan.  Metropolitan then endorsed Todd's check and overnighted it to PHH.  PHH received the check on September 9, 2010, but the check was never cashed or applied to Kendra's account.  On September 17, 2010, Todd sent another payment that he intended to apply to Kendra's September mortgage payment.  PHH applied this payment to the August mortgage bill.  On October 15, a third mortgage payment was made, which PHH applied to Kendra's September mortgage bill.

In October 2010, Todd contacted PHH several times to determine why his September 7 check had not been cashed.  He was informed by PHH representatives that the issue was being researched.  Todd also contacted Kendra's mortgage loan officer at Metropolitan, who then faxed PHH a copy of the September 7 check.

On November 5, 2010, PHH sent a letter to Kendra indicating that her mortgage payments were past due and that she owed payments for October and for November.  In early to mid-November, Todd attempted to make a mortgage payment through PHH's online payment system but was unable to log on.  On November 16, 2010, PHH sent Kendra another letter indicating that in order to bring her account current and to avoid foreclosure, she had to pay $2261.80.  She was also informed that the payment could only be made with certified funds, and that anything less than the total payment would be refused.  The letter also indicated that $38.08 in late charges had accrued.  On November 24, another letter was sent, stating that Kendra's mortgage was two months past due.  On November 30, 2010, Todd attempted to pay the mortgage by phone but the payment was rejected because he gave the

incorrect routing number.

On December 30, 2010, Kendra sent a $1,200 payment to PHH for her December mortgage payment, which she understood to cover her regular mortgage payment of $1,111.87 and $88.13 in late fees.  In January, she received two letters from Shapiro & Kirsch, LLP ("Shapiro").  One letter stated that she needed to pay $185,266.72, the total amount of her mortgage loan, to avoid foreclosure.  The other letter returned her $1,200 payment because the amount was insufficient to bring her account current.  Kendra then contacted Shapiro to determine what amount would bring her account current and was told by Shapiro that she needed to contact PHH.  Unable to get information from PHH, Kendra paid $3,335.60 on January 27, 2011, with the intent to cover her November, December and January mortgage payments.

On January 31, 2011, Kendra sent a demand letter to Russell Springer, a supervisor in PHH's foreclosure department, requesting an itemized description of what was necessary to bring her account current.  On February 1, 2011, PHH responded by mail, stating that Kendra still owed mortgage payments for August 2010 and February 2011, and that these amounts should be paid by certified funds.  Kendra's account became current when she paid these mortgage payments on February 7, 2011.

Beginning in November 2010, Kendra's credit report showed negative reports from PHH for late payments.  Before these reports were retracted by PHH in February 2011, Kendra attempted to apply for a new credit card and was denied.  Her credit limit on another

credit card was reduced from $15,000 to $5,000, and her interest rate was increased to 29.99% due to her "creditworthiness."  Though her limit was eventually raised back to $10,000, her interest rate was not decreased.

Kendra brings this lawsuit alleging breach of contract and breach of the covenant of good faith and fair dealing, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, *et seq.*, violations of the Arkansas Deceptive Trade Practices Act ("ADTPA"), Ark. Code Ann. § 4-88-101, *et seq.*, conversion, and various equitable remedies.  Kendra's TILA claim and portions of her ADTPA claim were dismissed on August 13, 2012.

## II.  SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law.*"  Nelson v. Corr. Med. Servs.*, 533 F.3d 958, 961 (8th Cir. 2008) (citing Fed. R. Civ. P. 56); *Brown v. Fortner*, 518 F.3d 552, 558 (8th Cir. 2008)).  Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest upon the mere allegations or denials of her pleadings, but her response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  Fed. R. Civ. P. 56(e).  "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v.*

*Liberty Lobby Inc.*, 477 U.S. 242, 247-48 (1986).

The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In considering a motion for summary judgment, all reasonable inferences must be drawn in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641,643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008).

## III.  DISCUSSION

PHH's motion for summary judgment is denied in part and granted in part on Kendra's breach of contract claim and denied on her conversion claim.

A.      Breach of Contract

PHH's motion for summary judgment is denied in part on Kendra's breach of contract claim. She may pursue her claims to recover check cancellation fees, certified check fees, and for lost tax deductions, but she may not pursue her claims for increased interest, lost credit opportunities, and lost wages. Summary judgment is also granted on her claim for punitive damages.

To recover on her breach of contract claim, Kendra must show: (1) the existence of an enforceable contract between the parties; (2) an obligation on the part of PHH; (3) a

breach of that obligation; and (4) damages resulting from the breach.  *See Rabalaias v. Barnett*, 284 Ark. 527, 528-29, 683 S.W.2d 919, 921 (1985).  Although Kendra alleges that PHH breached its duty of good fath and fair dealing, she concedes that this is not an independent cause of action because a breach of the implied covenant of good faith and fair dealing is not an independent cause of action, but merely evidence of a breach of contract. *See Arkansas Research Med. Testing, LLC v. Osborne*, 2011 Ark. 158, at 4, 6 (2011).

The parties do not dispute that they entered into a contract.  They do dispute, however, whether PHH breached a duty to Kendra by failing to properly apply the September 7 check sent by Todd to pay Kendra's August mortgage payment.  While it is undisputed that PHH received Todd's check, it is disputed whether or not the check included instructions that it should be applied to Kendra's mortgage.  Consequently, summary judgment is denied on Kendra's breach of contract claim.

The key question, then, is what damages are available to Kendra for PHH's alleged breach?  Kendra seeks consequential damages for the: (1) fee she paid to cancel the September 7, 2010, check; (2) fees she paid the bank to have certified checks issued for her mortgage payments; (3) loss of credit opportunities; (4) $20,000 in wages lost while trying to resolve her dispute with PHH; (5) approximately $11,886.88 in lost wages for the time Todd spent attempting to solve this problem; and (6) $2,161.28 in income for tax deductions she lost in tax year 2010, as a result of being unable to claim a mortgage tax deduction for payments she made.

Kendra may pursue her claims to recover check cancellation fees, certified check fees, and for lost tax deductions because those claims are not preempted by any federal or state law and there are factual disputes regarding each of these claims. Kendra is precluded, however, from seeking damages for her increased interest and lost credit opportunities claims because they are preempted by the Fair Credit Reporting Act ("FCRA"). *See* 15 U.S.C. § 1681t(b)(1)(F); *Ihebereme v. Capital One, N.A.*, 933 F. Supp. 2d 86, 98 (D.D.C. 2013) (holding that to the extent that it was related to defendants providing false information to credit agencies, plaintiff's breach of good faith and fair dealing claim was preempted by the FCRA). Her claim for lost wages are also precluded because these damages were not contemplated or agreed to by the parties. *See Hobson v. Entergy Arkansas, Inc.*, 2014 Ark. App. 101, 13 (2014) (affirming that as a matter of law, plaintiff could not recover reduced wages for his wife or his lost earnings because defendant's breach of contract did not cause the loss, and there was no proof of tacit agreement by defendant to be responsible for the loss).

Summary judgment is also granted on Kendra's claim for punitive damages because there is no evidence of malice. *See Dews v. Halliburton Indus., Inc.*, 288 Ark. 532, 541, 708 S.W.2d 67, 71 (1986) ("[T]o support a claim for punitive damages there would have to be a willful or malicious act in connection with a contract.").

B.    Conversion

PHH's motion for summary judgment on Kendra's conversion claim is denied.

Conversion is a common law tort for the wrongful possession or disposition of another's property.  *See Hatchell v. Wren,* 363 Ark. 107, 116, 211 S.W.3d 516, 521 (2005).  It is most commonly committed "by an unauthorized transfer or disposal of possession of [property] to one who is not entitled to it."  *McKenzie v. Tom Gibson Ford, Inc.*, 295 Ark. 326, 330, 749 S.W.2d 653, 655 (1988).

Kendra contends that PHH converted her money by wrongfully collecting $89 in late fees, which it held for 29 days before returning.  It is not entirely clear exactly why PHH assessed the late fee, although it is undisputed that Kendra's November and December payments were late.  Kendra, however, alleges that these payments were late because PHH wrongfully refused to accept them, as a direct result of its failure to properly apply the September 7 check.  Because there are factual disputes with regard to whether PHH wrongfully converted funds by assessing late fees, summary judgment is not appropriate.

C.   ADTPA

PHH did not move for summary judgment on Kendra's ADTPA claim because it contends that this claim has already been dismissed in its entirety.  On August 13, 2012, Kendra's ADTPA claims based on her allegations of foreclosure threats, attorney conduct, and for injunctive relief were dismissed.  Her second amended complaint, however, also alleges that PHH violated the ADTPA by wrongfully assessing fees.  [Doc. No. 58].  Accordingly, Kendra's ADTPA claim related to unlawful fees is still viable.

IV. CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment [Doc. No. 109] is denied in part and granted in part.

IT IS SO ORDERED this 18th day of February 2014.

UNITED STATES DISTRICT JUDGE